# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



CHAMBERS OF
GARRETT E. BROWN, JR.
CHIEF JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4050
TRENTON, NJ 08608
(609)989-2009

**ORIGINAL TO CLERK**

January 29, 2007

RECEIVED

JAN 3 0 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

To:     All Parties

Re:     **Nichols v. Braceiner, et al., Civ. No. 04-2078 (GEB)**

Dear Parties:

This matter comes before the Court upon plaintiff Virginia Nichols' ("Plaintiff") motion to vacate the Court's November 7, 2005 order. The Complaint was filed on May 4, 2004 in the United States District Court, District of New Jersey. Plaintiff claims that defendants Asher Braceiner and R. Bixenspanner (collectively, "Defendants") breached a duty to use reasonable care toward Plaintiff in the operation and/or ownership of a motor vehicle. Plaintiff alleges that she was a passenger on a motorcycle on May 6, 2002 when Defendant Braceiner, operating a vehicle owned by Defendant Bixenspanner, struck the motorcycle, causing Plaintiff to suffer personal injury. Complaint, ¶¶ 2, 3, 6.

A summons was issued on May 5, 2004 and the case was referred to arbitration. On October 7, 2005, the Clerk of this Court issued a Notice of Call for Dismissal pursuant to L. Civ. R. 41.1. Plaintiff failed to respond to the Notice of Call for Dismissal, and on November 7, 2005, this case was dismissed without prejudice for lack of prosecution. On October 10, 2006, Plaintiff filed the present motion to vacate this Court's November 7, 2005 order dismissing the case.

A. **Standard for Dismissal**

According to L. Civ. R. 41.1(a), "[c]ivil cases . . . which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party."

Plaintiff contends that this case was dismissed due to the "dereliction of duty by Mr. Glasner," Plaintiff's former counsel. Pl.'s Br. at 3. Plaintiff claims that she had a right to notice and a hearing before dismissal pursuant to Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126 (3d Cir. 1987). Plaintiff claims that because she did not receive notice that her claim was in danger of being dismissed, the Court's November 7, 2005 order should be vacated.

According to Plaintiff, Mr. Glasner was placed on disability inactive status and was restrained and enjoined from practicing law while on such status. Certification of Mark D. Kentos, Esq., ¶ 5. The New Jersey State Board of Ethics informed Plaintiff that there are no less than nineteen separate grievances filed against Mr. Glasner and that disbarment proceedings may be brought against him in the future. Id., ¶ 6. Plaintiff contends that Mr. Glasner and his staff assured her that "everything was fine" with her case. Certification of Virginia Nichols, ¶ 7. Plaintiff did not hear anything about the case until she received correspondence that indicated Mr. Glasner was no longer handling her case and that Mr. Valter A. Must, Esq. had been appointed trustee of Mr. Glasner's caseload. Id., ¶ 9.

In Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126 (3d Cir. 1987), the Third Circuit found that a party should be notified if the party's counsel "fails to discharge properly his or her

2

professional obligation to the court and to the client." More specifically, the Court stated that "the court shall direct the clerk of the court to mail notice directly to the litigant of the time and place of a hearing on any such motion, reasonably in advance of the hearing date . . . . such a procedure will put the client on notice of possible jeopardy to his or her legal interests by counsel's conduct at a time when the client can take appropriate action . . ." Dunbar, 816 F.2d at 129.

Here, there is no record of Mr. Glasner's delinquency other than the failure to prosecute this action after the Complaint was filed in May 2004. After the initial pleading was docketed, almost a year and a half passed without any activity. The Court issued the Notice of Call for Dismissal in October 2005 and waited another month before dismissing the case without prejudice. Plaintiff could have pursued a course of action to reopen this matter after the dismissal, however, waited until October 2006 until filing a motion to vacate the Court's order. Almost two and a half years transpired between the time the Complaint was filed and Plaintiff's current motion was filed to vacate the Court's order and reopen the case. The accident at issue occurred in 2002. There is no indication on the record or in Plaintiff's brief that Defendants ever received notice that a Complaint was filed in 2004. In fact, Defendants have not responded to the present motion as the certificate of service only indicates that the motion was delivered via mail to Custard Insurance Adjusters, assumably Defendant's insurance carrier at the time of the accident in 2002.

In the alternative, Plaintiff argues that if she was not entitled to notice under Dunbar, that the Court should consider whether the involuntary dismissal was proper pursuant to Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The Court in Poulis set forth several factors to determine whether the Court abused its discretion in dismissing this case, including: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

3

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868. Evidence of prejudice to an adversary "would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of the N.J. Brewery Employees' Pension Trust, 29 F.3d 863, 874 (3d Cir. 1994) (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)). Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id.

While Plaintiff has stated that she was in contact with her former counsel at some point, she has not offered an explanation as to why it took over a year from the time this action was dismissed to attempt to reopen this case. The delinquency will cause extreme prejudice to the Defendants, who, it appears, have never been notified that a Complaint was filed. Again, this action was initiated in 2004 and the accident occurred in 2002. The extreme untimeliness of this motion and the length of time since the accident will undoubtedly cause prejudice to the Defendants. Further, while Plaintiff's former counsel may have been delinquent in prosecuting this matter, Plaintiff herself had the opportunity to obtain a replacement and pursue this matter in a timely fashion. These factors weigh in favor of upholding this Court's November 7, 2005 order dismissing this case.

### B. Fed. R. Civ. P. 60(b)(6)

Plaintiff also contends that she is entitled to relief from the dismissal under Fed. R. Civ. P. 60(b)(6), which provides that the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for "any other reason justifying relief from the operation of the

4

judgment." In order to qualify for relief under Fed. R. Civ. P. 60(b)(6), a showing must be made of "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524 (2005); see also Vecchione v. Wohlegemuth, 558 F.2d 150, 159 (3d Cir. 1977). Rule 60(b) "does not impose any legislative mandate to reopen upon the courts, but merely reflects and confirms the court's own inherent and discretionary power . . . to set aside a judgment whose enforcement would work inequity." Plaut v. Spendthrift Farm, 514 U.S. 211, 233-34 (U.S. 1995). Here, the failure of prior counsel to prosecute this matter does not rise to the level of an extraordinary circumstance justifying the reopening of this matter.

Consequently, Plaintiff has not set forth a basis for vacating the Court's November 7, 2005 order dismissing this matter for lack of prosecution. For the reasons set forth above, Plaintiff's request to vacate the Court's November 7, 2005 order is denied, and this matter will remain closed.

                                                    Very truly yours,

                                                    GARRETT E. BROWN, JR.

                                                    Chief Judge